OSCN Found Document:IN RE RULES OF SUPREME COURT FOR MANDATORY CONTINUING LEGAL EDUCATION

 

 
 

 
 IN RE RULES OF SUPREME COURT FOR MANDATORY CONTINUING LEGAL EDUCATION
2020 OK 1
Case Number: SCBD-3319
Decided: 01/06/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 1, __ P.3d __

 
IN RE: Rules of the Supreme Court for Mandatory Continuing Legal Education [Rule 7, Regulations 3.6 and 4.1.3]
ORDER
This matter comes on before this Court upon an Application to Amend Rule 7, Regulations 3.6 and 4.1.3 of the Rules of the Supreme Court for Mandatory Continuing Legal Education (hereafter "Rules"), 5 O.S. ch. 1, app. 1-B as proposed and set out in Exhibit A attached hereto.
This Court finds that it has jurisdiction over this matter and the Rules are hereby amended as set out in Exhibit A attached hereto, effective January 1, 2021.
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 6th day of January, 2020.
/S/CHIEF JUSTICE
Gurich, C.J., Kauger, Winchester, Edmondson, Colbert, Combs and Kane, JJ., concur;
Darby, V.C.J. and Rowe, J., not voting.

Exhibit A
RULES OF THE SUPREME COURT OF OKLAHOMA FOR MANDATORY CONTINUING LEGAL EDUCATION
RULE 7. REGULATIONS
The following Regulations for Mandatory Continuing Legal Education are hereby adopted and shall remain in effect until revised or amended by the Mandatory Continuing Legal Education Commission with approval of the Board of Governors and the Oklahoma Supreme Court.
Regulation 1.
1.1 The Mandatory Continuing Legal Education Commission shall consist of eleven (11) members as provided by Supreme Court rule. The Executive Director of the Oklahoma Bar Association and the Director of Continuing Legal Education of the Oklahoma Bar Association shall be ex-officio members without vote. Nine (9) members of the Commission shall be appointed by the President of the Oklahoma Bar Association with the consent of the Board of Governors. Initially three (3) appointed members shall serve one-year terms, three (3) appointed members shall serve two-year terms, and three (3) appointed members shall serve three-year terms. Thereafter, at the expiration of the stated terms, all members shall serve three-year terms. Members shall not serve more than two successive three-year terms.

1.2 The President of the Oklahoma Bar Association shall appoint the Chairman of the Commission on Mandatory Continuing Legal Education. The Commission on Mandatory Continuing Legal Education shall elect a Vice Chairman and Secretary from among its members.

1.3 The Commission may organize itself into committees of not fewer than four (4) voting members for the purpose of considering and deciding matters submitted to them, except five (5) affirmative votes shall be necessary for any action under Rule 6 of the Rules of the Supreme Court of the State of Oklahoma for Mandatory Continuing Legal Education.
1.4 Members of the Commission shall be reimbursed for their actual direct expenses incurred in travel when authorized by the Board of Governors or the President.

1.5 Support staff as may be required shall be employed by the Executive Director of the Oklahoma Bar Association in the same manner and according to the same procedure as other employees of the Oklahoma Bar Association within the funds available in the budget approved by the Supreme Court.
1.6 As used herein "MCLEC" and the "Commission" shall mean the Mandatory Continuing Legal Education Commission. "CLE" shall mean Continuing Legal Education. "MCLE" shall mean Mandatory Continuing Legal Education. "Rules" referred to shall mean and are the Rules of the Supreme Court of the State of Oklahoma for Mandatory Continuing Legal Education.
Regulation 2.
2.1 Nonresident attorneys from other jurisdictions who are temporarily admitted to practice for a case or proceeding shall not be subject to the rules or regulations governing MCLE.

2.2 An attorney who is exempt from the MCLE requirement under Rule 2 shall endorse and claim the exemption on the annual report required by Rule 5 of said rules.
Regulation 3.
3.1 Attorneys who have a permanent physical disability which makes attendance of CLE programs inordinately difficult may file a request for a permanent substitute program in lieu of attendance and shall therein set out continuing legal education plans tailored to their specific interest and physical ability. The Commission shall review and approve or disapprove such plans on an individual basis and without delay. Rejection of any requested substitute for attendance will be reviewed by the Board of Governors of the Oklahoma Bar Association prior to any sanction being imposed.

3.2 Other requests for substituted compliance, partial waivers, or other exemptions for hardship or extenuating circumstances may be granted by the Commission upon written application of the attorney and may likewise be reviewed by the Board of Governors of the Oklahoma Bar Association. Other substitute forms of compliance may be granted for members with permanent or temporary physical disabilities (based upon a written confirmation from his or her treating physician) which makes attendance at regular approved CLE programs difficult or impossible.

3.3 Credit may be earned through teaching in an approved continuing legal education program, or for a presentation substantially complying with the standards of Regulation 4 in a program which is presented to paralegals, legal assistants, and/or law clerks. Presentations accompanied by thorough, high quality, readable, and carefully prepared written materials will qualify for CLE credit on the basis of six (6) hours of credit for each hour of presentation.

3.4 Credit may also be earned through teaching a course in an ABA accredited law school or a course in a paralegal or legal assistant program accredited by the ABA. The Commission will award six (6) hours of CLE credit for each semester hour of academic credit awarded by the academic institution for the course.
3.5 Credit may also be earned through auditing of or regular enrollment in a college of law course at an ABA or AALS approved law school. The MCLE credit allowed shall equal a sum equal to three (3) times the number of credit hours granted by the college of law for the completion of the course.
3.6 Instructional Hour. Each attorney must complete 12 instructional hours of CLE per year, with no credit for meal breaks or business meetings. An instructional hour must contain at least 50 minutes of instruction.
Legal Ethics and Professionalism CLE. Effective January 1, 2021, of the 12 required instructional hours of CLE each year, at least two hours must be for programming on Legal Ethics and Professionalism, legal malpractice prevention and/or mental health and substance use disorders.
PROGRAM GUIDELINES FOR LEGAL ETHICS AND PROFESSIONALISM CLE.
Legal Ethics and Professionalism CLE programs will address the Oklahoma Rules of Professional Conduct and tenets of the legal profession by which a lawyer demonstrates civility, honesty, integrity, fairness, competence, ethical conduct, public service, and respect for the Rule of Law, the courts, clients, other lawyers, witnesses and unrepresented parties. Legal Ethics and Professionalism CLE may also address legal malpractice prevention and mental health and substance use disorders.
Legal Malpractice Prevention programs provide training and education designed to prevent attorney malpractice. These programs focus on developing systems, processes and habits that reduce or eliminate attorney errors. The programs may cover issues like ensuring timely filings within statutory limits, meeting court deadlines, properly protecting digital client information, appropriate client communications, avoiding and resolving conflicts of interest, proper handling of client trust accounts and proper ways to terminate or withdraw from client representation.
Mental Health and Substance Use Disorders programs will address issues such as attorney wellness and the prevention, detection and/or treatment of mental health disorders and/or substance use disorders which can affect a lawyer's ability to provide competent and ethical legal services.
Programs addressing the ethical tenets of other disciplines and not specifically pertaining to legal ethics are not eligible for Legal Ethics and Professionalism CLE credit but may meet the requirements for general CLE credit.
3.7 Hours of credit in excess of the minimum annual requirement may be carried forward for credit only in the succeeding calendar year. Such hours must, however, be reported in the annual report of compliance for the year in which they were completed and in the year for which they are being claimed and must be designated as hours being carried forward.
Regulation 4.
4.1.1 The following standards will govern the approval of continuing legal education programs by the Commission.
4.1.2 The program must have significant intellectual or practical content and its primary objective must be to increase the participant's professional competence as an attorney.
4.1.3 The program must deal primarily with matters related to the practice of law, professional responsibility, legal ethics, professionalism, mental health or substance use disorders related to attorneys. Programs that address law practice management and technology, as well as programs that cross academic lines, may be considered for approval.
4.1.4 The program must be offered by a sponsor having substantial, recent, experience in offering continuing legal education or demonstrated ability to organize and present effectively continuing legal education. Demonstrated ability arises partly from the extent to which individuals with legal training or educational experience are involved in the planning, instruction and supervision of the program.
{There are no further amendments to the remainder of Rule 7, Regulations.}

Exhibit A
RULES OF THE SUPREME COURT OF OKLAHOMA FOR MANDATORY CONTINUING LEGAL EDUCATION
RULE 7. REGULATIONS
The following Regulations for Mandatory Continuing Legal Education are hereby adopted and shall remain in effect until revised or amended by the Mandatory Continuing Legal Education Commission with approval of the Board of Governors and the Oklahoma Supreme Court.
Regulation 1.
1.1 The Mandatory Continuing Legal Education Commission shall consist of eleven (11) members as provided by Supreme Court rule. The Executive Director of the Oklahoma Bar Association and the Director of Continuing Legal Education of the Oklahoma Bar Association shall be ex-officio members without vote. Nine (9) members of the Commission shall be appointed by the President of the Oklahoma Bar Association with the consent of the Board of Governors. Initially three (3) appointed members shall serve one-year terms, three (3) appointed members shall serve two-year terms, and three (3) appointed members shall serve three-year terms. Thereafter, at the expiration of the stated terms, all members shall serve three-year terms. Members shall not serve more than two successive three-year terms.

1.2 The President of the Oklahoma Bar Association shall appoint the Chairman of the Commission on Mandatory Continuing Legal Education. The Commission on Mandatory Continuing Legal Education shall elect a Vice Chairman and Secretary from among its members.

1.3 The Commission may organize itself into committees of not fewer than four (4) voting members for the purpose of considering and deciding matters submitted to them, except five (5) affirmative votes shall be necessary for any action under Rule 6 of the Rules of the Supreme Court of the State of Oklahoma for Mandatory Continuing Legal Education.
1.4 Members of the Commission shall be reimbursed for their actual direct expenses incurred in travel when authorized by the Board of Governors or the President.

1.5 Support staff as may be required shall be employed by the Executive Director of the Oklahoma Bar Association in the same manner and according to the same procedure as other employees of the Oklahoma Bar Association within the funds available in the budget approved by the Supreme Court.
1.6 As used herein "MCLEC" and the "Commission" shall mean the Mandatory Continuing Legal Education Commission. "CLE" shall mean Continuing Legal Education. "MCLE" shall mean Mandatory Continuing Legal Education. "Rules" referred to shall mean and are the Rules of the Supreme Court of the State of Oklahoma for Mandatory Continuing Legal Education.
Regulation 2.
2.1 Nonresident attorneys from other jurisdictions who are temporarily admitted to practice for a case or proceeding shall not be subject to the rules or regulations governing MCLE.

2.2 An attorney who is exempt from the MCLE requirement under Rule 2 shall endorse and claim the exemption on the annual report required by Rule 5 of said rules.
Regulation 3.
3.1 Attorneys who have a permanent physical disability which makes attendance of CLE programs inordinately difficult may file a request for a permanent substitute program in lieu of attendance and shall therein set out continuing legal education plans tailored to their specific interest and physical ability. The Commission shall review and approve or disapprove such plans on an individual basis and without delay. Rejection of any requested substitute for attendance will be reviewed by the Board of Governors of the Oklahoma Bar Association prior to any sanction being imposed.

3.2 Other requests for substituted compliance, partial waivers, or other exemptions for hardship or extenuating circumstances may be granted by the Commission upon written application of the attorney and may likewise be reviewed by the Board of Governors of the Oklahoma Bar Association. Other substitute forms of compliance may be granted for members with permanent or temporary physical disabilities (based upon a written confirmation from his or her treating physician) which makes attendance at regular approved CLE programs difficult or impossible.

3.3 Credit may be earned through teaching in an approved continuing legal education program, or for a presentation substantially complying with the standards of Regulation 4 in a program which is presented to paralegals, legal assistants, and/or law clerks. Presentations accompanied by thorough, high quality, readable, and carefully prepared written materials will qualify for CLE credit on the basis of six (6) hours of credit for each hour of presentation.

3.4 Credit may also be earned through teaching a course in an ABA accredited law school or a course in a paralegal or legal assistant program accredited by the ABA. The Commission will award six (6) hours of CLE credit for each semester hour of academic credit awarded by the academic institution for the course.
3.5 Credit may also be earned through auditing of or regular enrollment in a college of law course at an ABA or AALS approved law school. The MCLE credit allowed shall equal a sum equal to three (3) times the number of credit hours granted by the college of law for the completion of the course.
3.6 The number of hours required means that the attorney must actually attend twelve (12) instructional hours of CLE per year with no credit given for introductory remarks, meal breaks, or business meetings. Of the twelve (12) CLE hours required the attorney must attend and receive one (1) instructional hour of CLE per year covering the area of professional responsibility or legal ethics or legal malpractice prevention. An instructional hour will in all events contain at least fifty (50) minutes.
3.6 Instructional Hour. Each attorney must complete 12 instructional hours of CLE per year, with no credit for meal breaks or business meetings. An instructional hour must contain at least 50 minutes of instruction. 
Legal Ethics and Professionalism CLE. Effective January 1, 2021, of the 12 required instructional hours of CLE each year, at least two hours must be for programming on Legal Ethics and Professionalism, legal malpractice prevention and/or mental health and substance use disorders.
PROGRAM GUIDELINES FOR LEGAL ETHICS AND PROFESSIONALISM CLE 
Legal Ethics and Professionalism CLE programs will address the Oklahoma Rules of Professional Conduct and tenets of the legal profession by which a lawyer demonstrates civility, honesty, integrity, fairness, competence, ethical conduct, public service, and respect for the Rule of Law, the courts, clients, other lawyers, witnesses and unrepresented parties. Legal Ethics and Professionalism CLE may also address legal malpractice prevention and mental health and substance use disorders. 
Legal Malpractice Prevention programs provide training and education designed to prevent attorney malpractice. These programs focus on developing systems, processes and habits that reduce or eliminate attorney errors. The programs may cover issues like ensuring timely filings within statutory limits, meeting court deadlines, properly protecting digital client information, appropriate client communications, avoiding and resolving conflicts of interest, proper handling of client trust accounts and proper ways to terminate or withdraw from client representation. 
Mental Health and Substance Use Disorders programs will address issues such as attorney wellness and the prevention, detection and/or treatment of mental health disorders and/or substance use disorders which can affect a lawyer's ability to provide competent and ethical legal services. 
Programs addressing the ethical tenets of other disciplines and not specifically pertaining to legal ethics are not eligible for Legal Ethics and Professionalism CLE credit but may meet the requirements for general CLE credit. 
3.7 Hours of credit in excess of the minimum annual requirement may be carried forward for credit only in the succeeding calendar year. Such hours must, however, be reported in the annual report of compliance for the year in which they were completed and in the year for which they are being claimed and must be designated as hours being carried forward.
Regulation 4.
4.1.1 The following standards will govern the approval of continuing legal education programs by the Commission.
4.1.2 The program must have significant intellectual or practical content and its primary objective must be to increase the participant's professional competence as an attorney.
4.1.3 The program must deal primarily with matters related to the practice of law, professional responsibility, or ethical obligations of attorneys legal ethics, professionalism, mental health or substance use disorders related to attorneys. Programs that address law practice management and technology, as well as programs that cross academic lines, may be considered for approval.
4.1.4 The program must be offered by a sponsor having substantial, recent, experience in offering continuing legal education or demonstrated ability to organize and present effectively continuing legal education. Demonstrated ability arises partly from the extent to which individuals with legal training or educational experience are involved in the planning, instruction and supervision of the program.
{There are no further amendments to the remainder of Rule 7, Regulations.}